IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>STONE CASTLE LLC d/b/a/ STONE CASTLE RECYCLING, and ANTHONY STODDARD, individually,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS FOR INJUNCTIVE RELIEF<br><br>Case No. 1:14-CV-66 TS |

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order.[1] Also before the Court is Plaintiff's Motion for Preliminary Injunction, which seeks the same relief.[2] Plaintiff filed the instant motion for injunctive relief on Thursday May 22, 2014. The Court scheduled a hearing on Plaintiff's Motions and instructed Plaintiff to serve Defendants with a copy of the Complaint, his Motions, and notice of the hearing date. Plaintiff was instructed to file proof of service with the Court, which Plaintiff has done. The Court held a hearing on Plaintiff's Motions on May 29, 2014. Defendant Anthony Stoddard appeared at the hearing and represented himself pro se.

After reviewing Plaintiff's Motions, considering the parties' oral arguments, and being otherwise fully informed, the Court will grant Plaintiff's Motions.

---

[1] Docket No. 3.

[2] Docket No. 4.

## I. BACKGROUND

This dispute stems from an investigation by the Department of Labor into alleged violations of the Fair Labor Standards Act ("FLSA") by Defendants. Plaintiff alleges that Defendants violated §§ 6, 7, and 15(a)(2) of the Act.

Defendant Anthony Stoddard is the President and sole owner of Stone Castle Recycling ("Stone Castle"). Stone Castle is based out of Clearfield, Utah and also has a recycling facility in Cedar City, Utah. Stone Castle is in the business of recycling electronic equipment. Stone Castle employees disassemble electronic equipment, including computers, cell phones, glass, and televisions, down to their component parts. Stone Castle then markets these component parts to customers in Utah and in other states.

Defendants were previously investigated by the Wage Hour Division of the Department of Labor. As a result of the investigation, it was discovered that Defendants had failed to pay employees overtime for hours worked in excess of forty hours in a work-week. The Wage Hour Division determined that Defendants owed $33,331.41 in overtime to 34 employees. At that time, Mr. Stoddard agreed to pay the back wages by May 20, 2013. Mr. Stoddard also agreed to comply with the requirements of the FLSA.

The Wage Hour Division continued to monitor Defendants' employment practices for compliance with the FLSA. Upon further investigation, the Wage Hour investigator determined that Defendants were not paying overtime as required by the prior agreement. Rather, Defendants improperly classified many of their employees as exempt.

After interviewing a number of Defendants' employees, the investigator also determined that Defendants had not paid a number of their employees for several months. In oral argument,

Mr. Stoddard conceded that he did not pay many of his employees during February and March of 2014. Mr. Stoddard indicated that in February he had a meeting with his employees where he told them that money was tight and he would be unable to compensate them for their work. According to Mr. Stoddard, he then told the employees they could either stay on with the hope of future pay or receive compensation for the work completed to that point and quit. Mr. Stoddard indicated that many of Defendants' employees stayed on and worked without pay.

The Wage Hour investigator has attempted to determine the past due amounts owed Defendants' employees; however, the investigation has been hindered by a lack of cooperation on the part of Defendants. Defendants have been hesitant to provide their payroll history and there is some evidence that Mr. Stoddard has manipulated the payroll by writing checks but not delivering them to employees.

Based on the foregoing, Plaintiff moves for a temporary restraining order preventing Defendants from

> 1. Transporting, offering for transportation, shipping, delivering or selling in commerce; or
> 2. Shipping, delivering or selling with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods in the production of which employees were employed in violation of sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206 and 207.[3]

## II. DISCUSSION

A temporary restraining order and a preliminary injunction share the same standard.[4]

To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the

---

[3] Docket No. 3, at 2.

[4] *Bachman ex rel. Bachman v. W. High Sch.*, 900 F. Supp. 248, 250 (D. Utah 1995), *aff'd*, 132 F.3d 542 (10th Cir. 1997).

injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[5]

As to the first factor, Plaintiff has demonstrated a substantial likelihood of success on the merits of his claims. Twenty-nine U.S.C. § 215(a)(1) makes it unlawful for any person "to transport, offer for transportation, ship, deliver, or sell in commerce, or to ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods in the production of which any employee was employed in violation of section 206 or section 207." Sections 206 and 207 set forth the minimum wage and hour requirements applicable under the FLSA. The allegations of Plaintiff's Complaint and the affidavits supplied in Plaintiff's Motion support a finding that Defendants violated §§ 206 and 207 of the FLSA. It follows that Plaintiff has a substantial likelihood of proving, pursuant to § 215(a)(1), that it is unlawful for Defendants to transport, ship, deliver, or sell in commerce any of the goods which their employees were employed in disassembling without proper compensation under the FLSA. Accordingly, this factor weighs in favor of Plaintiff.

On the second factor, Plaintiff asserts that he will suffer irreparable harm if an injunction is not granted because goods that were manufactured in violation of the FLSA will be entered on the market and sold in competition with goods that were produced in conformity with the FLSA. According to Plaintiff, this action will perpetuate an unfair method of competition and interfere with the orderly and fair marketing of goods in interstate commerce. While this injury is hypothetical in nature, it is nevertheless an injury that Congress felt sufficiently severe to merit enactment of a statutory remedy. Furthermore, the harm is irreparable as, once in the market, it

---

[5] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

will be difficult to recover the goods themselves and unwind any transactions that have occurred. More certainly, it will be impossible to remedy the effect of potentially underpriced goods on the market.

The third and fourth factors cause the Court some concern and will be addressed jointly. First, if Defendants were completely foreclosed from vending their wares, they may be forced to close their business. A forced closure of their business would result in a substantial harm to Defendants. However, this does not appear to be the result sought by Plaintiff. "It is well settled an injunction must be narrowly tailored to remedy the harm shown."[6] In keeping with this requirement, Plaintiff's Motions seek only to prevent Defendants from entering in the market "any goods in the production of which employees were employed in violation of sections 6 and 7 of the FLSA."[7] In oral argument, Mr. Stoddard represented that the total remaining processed product produced in violation of the FLSA equaled less than one truck load, valued at around $5,000.00. Plaintiff did not dispute this representation. Mr. Stoddard also indicated that working alone he could process enough new product in two to three months' time to pay his employees the past due amounts owed.

Second, by recycling used electronic products, Defendants provide a service that is of particular import to the community and the Court is not inclined to take a course of action that will result in the permanent closure of Defendants' operations. That being said, the Court is cognizant of the purpose of FLSA and the public's interest in ensuring that employees such as

---

[6] *Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 962 (10th Cir. 2002) (citing *Citizen Band Potawatomi Indian Tribe v. Okla. Tax Comm'n*, 969 F.2d 943, 948 (10th Cir. 1992); *Brown v. Trs. of Bos. Univ.*, 891 F.2d 337, 361 (1st Cir. 1989), *cert. denied*, 496 U.S. 937 (1990)).

[7] Docket No. 3, at 2.

those employed by Defendants are compensated for their time. The Court is also mindful of the public's interest in keeping products that have been produced in violation of the FLSA from entering into the market.

In light of the limited amount of product restricted by Plaintiff's requested injunctive relief and Mr. Stoddard's representation as to Defendants' ability to fully compensate their employees by processing new product, the Court finds that the threatened injury outweighs the harm that the injunction may cause Defendants. Further, the Court finds that the restraint is sufficiently narrow that it will not adversely affect the public interest.

## III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Docket Nos. 3, 4) are GRANTED. Pursuant to the terms of this Order, Defendants are hereby enjoined from

1. Transporting, offering for transportation, shipping, delivering or selling in commerce; or

2. Shipping, delivering or selling with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods in the production of which employees were employed in violation of sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206 and 207.

DATED this 2nd day of June, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge