IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>STONE CASTLE LLC d/b/a STONE CASTLE RECYCLING, ANTHONY STODDARD, individually,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 1:14-CV-66 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Summary Judgment. Defendants have failed to respond to Plaintiff's Motion and the time to do so has now passed. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Defendant Stone Castle LLC d/b/a Stone Castle Recycling ("Stone Castle") is a Utah-registered limited liability company, with a principal office located in Clearfield, Utah. Stone Castle is engaged in electronic recycling, including breaking down and recycling electronics, computers, televisions, glass, and other materials, and selling or recycling these components. Defendant Anthony Stoddard ("Stoddard") is the President and sole owner of Stone Castle. Stoddard exerts day-to-day operational control of Stone Castle; directs the work of employees; and makes strategic and managerial decisions that affect the terms and working conditions of employees, including hiring, firing, and compensation decisions.

1

Plaintiff, through the Wage Hour Division ("Wage Hour"), investigated possible Fair Labor Standards Act ("FLSA") violations by Defendants. This investigation revealed that Defendants had failed to fully comply with an agreement concluding an earlier Wage Hour investigation. In that earlier investigation, Wage Hour found that Stone Castle was not paying employees overtime compensation for hours worked in excess of 40 in a workweek, and found a total of $33,221.41 due to 34 employees. Stoddard signed a Wage Hour Form 56 on February 20, 2013, agreeing to pay the back wages by May 20, 2013. Defendants provided proof of payment showing that half of the 34 employees due overtime back wages had been paid. However, 17 employees are still due a total of $18,508.55.

During the earlier investigation, the Wage Hour Investigator discussed with Stoddard the requirements of the FLSA, and documented his agreement to comply with the FLSA's record-keeping, minimum wage, and overtime provisions. However, Stoddard held a meeting with employees in March 2014 and informed them that times were financially hard and that they were not likely to be paid for a while.

During the time of the Wage Hour Division's second investigation into Defendants, Defendants were employing at least 24 employees. Defendants' employees are engaged in the taking apart of electronic equipment, including computers, cell phones, glass, and televisions, down to their component parts and selling these component parts, including recyclable materials, to customers who are located both in and outside the state of Utah. Defendant Stone Castle had an annual volume of sales made of over $500,000 for 2012 and 2013.

During the period from February 1, 2014, through at least April 25, 2014, employees worked for Defendants but were not paid for their work. Defendants admit that they did not pay

some of their employees for hours worked starting with the pay period covering February 1, 2014, through February 14, 2014, and continuing through May 23, 2014. Defendants admit that as of June 2014, Defendants still owed numerous employees wages for hours worked in February 2014 through April 2014.

There are six confirmed pay periods for which employees have not been paid at least minimum wage: February 1–February 14, 2014; February 15–February 28, 2014; March 1–March 14, 2014; March 15–March 28, 2014; March 29–April 11, 2014; and April 12–April 25, 2014. There are 16 hourly employees across these six pay periods who are due back wages for being paid less than minimum wages in the total amount of $35,727.06.

There are eight employees who were categorized as salaried employees by Defendants and are being treated as such for purposes of the Wage Hour investigation. These employees are due back wages for not being paid at least the minimum required to qualify as a salaried exempt employee in the total amount of $42,770.00.

During the period from February 1, 2014, through at least April 25, 2014, Defendants permitted certain of their employees to work in excess of 40 hours per week without compensating such employees for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which they were employed. There are six confirmed pay periods for which employees have not been paid required overtime wages: February 1–February 14, 2014; February 15–February 28, 2014; March 1–March 14, 2014; March 15–March 28, 2014; March 29–April 11, 2014; and April 12–April 25, 2014. There are ten employees across these six pay periods who are due overtime wages for work in excess of 40 hours per week in the total amount of $1,111.64.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]  Pursuant to Rule 56(e), since Defendants have failed to properly address Plaintiff's assertions of fact, the Court may consider the facts undisputed for the purposes of this Motion and may grant summary judgment if the Motion and supporting materials show that Plaintiff is entitled to judgment.

## III.  DISCUSSION

Plaintiff asserts various claims against Defendants under the FLSA.  Plaintiff seeks an order granting summary judgment on each of its claims against Defendants and issuing: (1) a judgment, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently restraining the violations specified in Plaintiff's Complaint; (2) a judgment ordering the payment of uncompensated wages of $98,117.25 due to employees; and (3) an equal additional amount as liquidated damages pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

---

[1] Fed. R. Civ. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

A.      EMPLOYERS UNDER THE FLSA

Liability under the FLSA is imposed on employers. 29 U.S.C. § 203(d) provides that an "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." An individual supervisor may be liable under the Act. The FLSA broadens the definitions of employer and employee beyond "strict application of traditional agency principles."[4] The FLSA focuses instead on "the economic realities of the relationship" between the employee and the employer, and includes evaluating such factors as "whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records."[5]

As set forth above, Stone Castle is engaged in breaking down electronics, computers, televisions, glass, and other materials, and selling or recycling these components. Stoddard is the President and sole owner of Stone Castle. Stoddard exerts day-to-day operational control of Stone Castle; directs the work of employees; and makes strategic and managerial decisions that affect the terms and working conditions of employees, including hiring, firing, and compensation decisions. Based upon these undisputed facts, the Court finds that Defendants are employers under the Act.

B.      ENTERPRISE ENGAGED IN COMMERCE

Among other things, the FLSA regulates enterprises engaged in commerce. An "enterprise" is "the related activities performed (either through unified operation or common

---

[4] *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir.1998).

[5] *Id.*

control) by any person or persons for a common business purpose."[6] An "enterprise engaged in commerce" is an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an "annual gross volume of sales made or business done is not less than $500,000."[7] As stated, Defendants' employees are engaged in the taking apart of electronic equipment, including computers, cell phones, glass, and televisions, down to their component parts and selling these component parts, including recyclable materials, to customers who are located both in and outside the state of Utah. Further, Plaintiff has presented evidence that Stone Castle had an annual volume of sales of over $500,000 for 2012 and 2013. Thus, the Court finds that Defendants are an enterprise engaged in commerce.

C.   MINIMUM WAGE PROVISIONS

Employers must pay employees employed in an enterprise engaged in commerce the minimum wage set forth in 29 U.S.C. § 206. Plaintiff has presented evidence showing that Defendants did not pay their employees the minimum wage. In particular, Plaintiff has shown that there are six confirmed pay periods for which employees have not been paid the minimum wage between February 1, 2014, and April 25, 2014, resulting in 24 employees who are due back wages in the amount of $78,497.06.

Plaintiff argues that Defendants' failure to pay the minimum wage was a willful violation. To demonstrate a willful violation, Plaintiff must show that Defendants "either knew

---

[6] 29 U.S.C. § 203(r)(1).

[7] *Id.* § 203(s)(1)A).

or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[8]

Plaintiff has demonstrated that Defendants' conduct was willful. In an earlier investigation, Wage Hour found that Stone Castle was not paying employees overtime compensation for hours worked in excess of 40 in a workweek. Wage Hour discussed with Stoddard the requirements of the FLSA and Stoddard agreed to comply with the FLSA's record-keeping, minimum wage, and overtime provisions. Thus, Defendants knew the conduct that was prohibited by the statute, but despite this knowledge did not properly compensate their employees.

D.   OVERTIME PROVISIONS

Employers must pay employees a rate not less than one and one-half times their regular pay rate for hours worked beyond forty hours in a workweek.[9] The undisputed facts show that Defendants failed to pay employees the required overtime wages for two periods. First, some employees are still due overtime wages from the prior Wage Hour investigation, totaling $18,508.55. Second, during the period from February 1, 2014, through at least April 25, 2014, Defendants permitted certain of their employees to work in excess of 40 hours per week without compensating such employees for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which they were employed. Plaintiff has determined that ten employees are due overtime wages in the total amount of $1,111.64. This constitutes a

---

[8] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

[9] 29 U.S.C. § 207.

violation of 29 U.S.C. § 207.  For substantially the same reasons set forth above, the Court finds this violation to be willful because Defendants knew their conduct was prohibited by statute.

Based upon all of the above, the Court grants summary judgment in favor of Plaintiff and against Defendants on each of Plaintiff's claims against Defendants, and will enter judgment ordering the payment of uncompensated wages of $98,117.25 due to employees.

E.    LIQUIDATED DAMAGES

In addition, Plaintiff seeks liquidated damages.  29 U.S.C. § 216(b) provides: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."[10]  This provision essentially doubles the damage award.[11]

However, if "an employer 'shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA,' the court may refuse to award liquidated damages."[12]  A court may "eliminate or reduce the award of liquidated damages only if the employer shows both that he acted in good faith and that he had reasonable grounds for believing that his actions did not violate the [FLSA]."[13]

---

[10] *Id.* § 216(b).

[11] *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1272 (10th Cir. 2011).

[12] *Renfro v. City of Emporia, Kan.*, 948 F.2d 1529, 1540 (10th Cir. 1991) (quoting 29 U.S.C. § 260).

[13] *Id.*

For substantially the same reasons that the Court finds Defendants' violations were willful, the Court finds that Defendants did not act in good faith. The same standard applies to both determinations.[14] Therefore, the Court finds that Plaintiff is entitled to liquidated damages. Thus, the total damage award is $196,234.50.

F.   PERMANENT INJUNCTION

Finally, Plaintiff seeks a permanent injunction barring Defendants from future violations of the FLSA. The Court has jurisdiction to restrain violations of the FLSA.[15] "Permanent prospective injunctions serve to effectuate congressional policy against substandard labor conditions by preventing future violations. The purpose of an injunction against future violations is remedial rather than punitive."[16]

Plaintiff, as the movant, "bears the burden of satisfying the court that an injunction is necessary."[17] "The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive."[18]

> Courts properly look at many factors in determining whether to grant a prospective injunction, including the employer's previous conduct, its current conduct, and the reliability of its promises of future compliance. When a past violation is found, courts balance that finding against factors indicating a reasonable likelihood that the violation will not recur, such as the employer's

---

[14] *See Brinkman v. Dep't of Corrs. of State of Kan.*, 21 F.3d 370, 373 (10th Cir. 1994).

[15] 29 U.S.C. § 217.

[16] *Metzler v. IBP, Inc.*, 127 F.3d 959, 963 (10th Cir. 1997).

[17] *Id.*

[18] *Mitchell v. Hertzke*, 234 F.2d 183, 187 (10th Cir. 1956).

9

intent to comply, extraordinary efforts taken to prevent recurrence, the absence of repetitive violations, and the absence of bad faith.[19]

Considering these factors, the Court finds that a permanent injunction is necessary to prevent future violations. Defendants previously violated the FLSA, as was discovered during the initial investigation. Defendants agreed to pay back wages and were counseled on the requirements of the FLSA. Defendants, however, have continued to violate both the minimum wage and overtime provisions, sometimes not paying their employees at all. In addition, Defendants failed to comply with their agreement to pay back wages. Further, Defendants were not forthcoming during Wage Hour's investigation and have stopped participating in this litigation. There is no evidence in the record from which the Court could find these violations will not recur. Defendants have shown no intent to comply and have shown no extraordinary efforts to prevent recurrence. Instead, the evidence shows repeat violations and the presence of bad faith. Therefore, the Court finds that an injunction is appropriate here.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 29) is GRANTED. Plaintiff is directed to provide a proposed judgment for the Court's signature, including a proposed permanent injunction, within fourteen (14) days of this Order.

---

[19] *Metzler*, 127 F.3d 963–64.

DATED this 22nd day of June, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge